# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MONTANA

_____

| | |
|---|---|
| **In Re:** <br> **Warren and Betty McConkey,** <br><br> **Debtors.** | **Bankruptcy Case** <br> **No. 15-60092-JDP** |

_____

## MEMORANDUM OF DECISION
_____

Appearances:

James H.Cossitt, Kalispell, Montana, Attorney for Debtors,

Christy L. Brandon, Bigfork, Montana, Chapter 7 Trustee,

Aaron York, Attorney for U.S.Trustee.

*Introduction*

In this chapter 7[1] case, on November 21, 2017, the Court conducted an evidentiary hearing concerning the Motion for Judicial Review of

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 1

Unauthorized Distributions by Trustee; Sanctions for Unauthorized Distributions; and Disgorgement of Distributions, filed by Debtors Warren G. and Betty J. McConkey (the "Motion"), Dkt. No. 332; and Debtors' Objection to [Trustee's] Final Report & Amended Final Report (the "Objection"), Dkt. No. 365.  Appearances were made at the hearing by attorney James Cossitt for Debtors, and on his own behalf as an administrative creditor; Chapter 12 Trustee Christy Brandon ("Trustee"); and attorney Aaron York for the U.S. Trustee.  Trustee testified, and the Court admitted Debtors' Exhibits A-P in evidence.  After hearing the parties' oral arguments, the Court announced its tentative findings, conclusions and decision.  However, at the request of Mr. Cossitt, the Court agreed to take the issues under advisement for entry of a written decision.

      Having given due consideration to the evidence, testimony, and arguments of the parties, this Memorandum disposes of the issues.  In addition to those findings of fact and conclusions of law set forth herein, the Court hereby adopts those findings and conclusions announced on the

MEMORANDUM OF DECISION – 2

record at the hearing.  Rules 9014; 7052.  In sum, for the reasons set forth herein, and as explained at the hearing, the Court finds and concludes that the Motion and Objection should be denied.

*Background*

In a nutshell, through the Motion and Objection, Debtors and Mr. Cossitt complain that Trustee made "unauthorized" and inappropriate payments of estate funds to her attorneys and accountants, without prior notice to others, before filing and court-approval of her final accounting. *See* Debtors' Brief at 12, Dkt. No. 378.  They also argue that Trustee violated her duties as trustee when she paid the balance due to the accountants from her personal funds.  As a consequence of her misdeeds, Debtors ask the Court to "determine sanctions that are appropriate to the severity of the lack of disclosures and [that] will deter similar misconduct by bankruptcy trustees in future cases." *Id*.

In response, Trustee argues that her payments from estate funds to her professionals were expressly authorized by final orders entered by the Court in this case after appropriate notice and a hearing.  *See* Trustee's

MEMORANDUM OF DECISION – 3

Brief at 5-7, Dkt. No. 369. She also contends that she was not prohibited from making payments to her accountants from her personal funds. *Id*. at 7-9. Finally, she urged at the hearing that, even if she should not have paid the accountants in full in this case, no party has been prejudiced by her doing so because she is seeking no compensation or reimbursement of expenses as trustee in this case. *See* Notice of Trustee's Amended Final Report, Dkt. No. Accounting at 3, Dkt. No. 361.

After considering the parties' arguments in the unusual context of this case, the Court concludes that Trustee did not violate any duties in the distributions of the estate funds she made to her professionals, and that even if she should not have paid the balance owed to her accountants from her personal funds, the Court declines to disturb that payment or to impose any sanctions in this case.

## *Analysis and Disposition*

This bankruptcy case is "administratively insolvent", that is, the chapter 7 expenses incurred by Trustee to administer the estate, including the large administrative expense owed to Trustee's attorneys, exceed the

MEMORANDUM OF DECISION – 4

total funds available for distribution. Simply put, in this case, the chapter 7 administrative expenses will not be paid in full, and there will be no funds available to pay any of the administrative expenses incurred while the case was a chapter 12 case, including the large administrative expense claim of Mr. Cossitt for acting as Debtors' attorney.[2] *See* § 726(b) (providing that chapter 7 administrative expenses have priority over those similar expenses incurred before conversion). No doubt, this is an unfortunate and undesirable circumstance, especially for the prebankruptcy creditors. But while Debtors and Mr. Cossitt may be especially sensitive to the amount and timing of Trustee's payments made to her chapter 7 professionals, Trustee's actions here do not warrant any sort of sanction.

First, a review of the docket shows that Trustee's payments to her

---

[2] From the record, it appears that Mr. Cossitt is owed almost $30,000. *See* Notice of Trustee's Amended Final Report at 4. While the underlying events precede this bankruptcy judge's involvement in this case, it also appears that a significant portion of Mr. Cossitt's fees, along with those of Trustee's attorneys, were incurred in litigation between Debtors and Trustee. Perhaps that explains the, at times, overt tensions exhibited at the hearing between Mr. Cossitt and Trustee.

MEMORANDUM OF DECISION – 5

lawyers were authorized in a final order entered by Chief Judge Kirscher on July 21, 2016. Dkt. No. 326. Chief Judge Kirscher also approved fees and costs for Trustee's accountants in a similar final order on January 10, 2017. Dkt. No. 344.[3] While these orders did not expressly direct Trustee to pay the amounts approved for fees and costs for these professionals, the orders also did not prohibit such payments. Based upon these orders, Trustee decided she was empowered to make the payments in question to the professionals.

Debtors argue that any payments to the professionals of the amounts approved in the orders could not be made without additional notice to other interested parties, and presumably, approval by the Court. But the Court is aware of no such requirement in the Code or Rules, nor have Debtors cited any statutory or rule authority to support this

---

[3] Debtors and Mr. Cossitt previously argued that these orders were not final, but were interim orders entered under § 331. Chief Judge Kirscher expressly rejected this argument at a prior hearing. *Transcript of October 6, 2016 Hearing* at 3:16 - 4:12, Dkt. No. 368. To the extent necessary, this Court hereby reaffirms that conclusion. Debtors and Cossitt have since conceded that the orders were "final" orders entered under § 330(a), not interim orders. *See* Debtors' Brief at 2, Dkt. No. 378.

MEMORANDUM OF DECISION – 6

argument. To the contrary, the Court concludes that whether distributions should occur by Trustee to estate professionals prior to the approval of Trustee's final accounting in this case was a matter submitted to Trustee's sound discretion and good judgment.[4] And, viewed in retrospect, there is nothing in the record that would persuade the Court to conclude that Trustee abused her discretion in doing so. Indeed, Trustee has shown that her partial payments made to the estate professionals before case closing resulted in no discernable prejudice to any other parties, including to Debtors or Mr. Cossitt.

The Court is more concerned in this case with Trustee's decision to pay her accountants in full, while other administrative expenses went unpaid, using her personal funds to make up any deficiency in payments

---

[4] Estate professional fees and costs, once approved under § 330(a), constitute allowed administrative expenses under § 503(b)(2). Such expenses have priority over most other claims under § 507(a)(2). And § 726(a)(1) instructs that, in a chapter 7 case, bankruptcy estate funds be distributed by the trustee "in the order specified in section 507 of [title 11]" . . . .). As can be seen, then, Trustee did not violate any priority or distribution provisions in making the subject payments.

MEMORANDUM OF DECISION – 7

made from the estate.[5]  Frankly, the Court doubts that Trustee's arguably noble gesture of assuring her accountants were fully paid via use of her personal funds was proper without prior approval by the Court.  On the other hand, the U.S. Trustee has been informed about and has not objected to Trustee's actions, and the Court can not discern how Trustee's personal largess has harmed any other parties.  Accordingly, without saying whether Trustee's personal payment to the accountants was proper or not, the Court declines to sanction Trustee for her conduct.[6]

Debtors additionally argue that, once the "improper" payments were made by Trustee to her professionals, that she lost her status as a "disinterested" party, and thus, was no longer eligible to receive

---

[5]  The Court understands that Trustee personally paid the accountants about $444 representing the shortfall to pay them in full after credit for the payment made to them from the estate.  Trustee did so on her own initiative without a request by the accountants.

[6]  The Court appreciates that Mr. Cossitt had hoped this decision would definitively address the propriety of Trustee's conduct as a legal matter, so as to provide guidance and "to deter" other trustees from paying estate professionals "out of their pockets" without prior notice and court approval.  However, the Court declines his invitation to do so in a case with these odd facts, *i.e.* when the trustee has agreed to waive compensation and expenses.

MEMORANDUM OF DECISION – 8

compensation and reimbursement of expenses in this case. This argument lacks merit for several reasons. As the Court has explained, Trustee was not required to give notice to Debtors, nor obtain additional bankruptcy court approval, to make estate distributions to these professionals. Simply put, Trustee's payments of estate funds were not "improper". And even if Trustee should not have used personal funds to pay her accountants, that act did not impact her status a the duly-appointed trustee in this case. And, finally, because Trustee is not seeking any compensation or expenses in this case, Debtors' argument for denial of compensation is of no moment.[7]

### *Conclusion*

While the outcome in this chapter 12/7 case was less than desirable for most concerned, it is time for it to conclude. For the reasons set forth above, the Motion and the Objection will be denied. A separate order will

---

[7] Trustee estimates, were it not for her decision to not seek compensation, she would be entitled to $4,835.25 in this case. *See* Notice of Trustee's Amended Final Report at 3, Dkt. No. 361. Trustee's waiver of compensation is, therefore, not an insignificant gesture.

MEMORANDUM OF DECISION – 9

be entered. In addition, Trustee shall submit an appropriate order approving her Amended Final Report for entry by the Court.

Dated: December 7, 2017

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 10